**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

|  |  |
|---|---|
| In re: | ) ) ) ) ) ) ) ) |

Marko Gojcaj

      Debtor.

-------------------------------------------------------------------

Case No. 24-11027 (PB)

Chapter 7

## ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING EXAMINATION OF (I) THE DEBTOR, (II) DILA GOJCAJ, (III) VICTOR GOJCAJ, AND (IV) MWM VICSDALE FOREVER LLC AND PRODUCTION OF DOCUMENTS

Upon the *ex parte* application, dated November 14, 2025 (the "Application"), of Deborah J. Piazza, as the Chapter 7 trustee (the "Trustee") of the debtor Marko Gojcaj (the "Debtor") in the above-captioned Chapter 7 case, for an order pursuant to Fed. R. Bankr. P. 2004 (a) directing the production of documents and things by: (i) the Debtor, (ii) the Debtor's wife, Dila Gojcaj ("Dila"), (iii) Victor Gojcaj ("Victor"), and (iv) MWM Vicsdale Forever LLC ("MWM", and, together with the Debtor, Dila, and Victor, the "Rule 2004 Parties"), and (b) authorizing the Trustee to conduct an examination of each of the Rule 2004 Parties and, after due deliberation, the Court having concluded that the Trustee has established sufficient cause for the relief granted herein; and no additional notice being required except as specified herein; now, therefore, it is hereby

**ORDERED,** that the Trustee is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue subpoenas for the production of documents and attendance for the foregoing examination consistent with this Order (each, a "Rule 2004 Subpoena"); and it is further

**ORDERED,** that the Debtor is hereby directed to produce and deliver to the offices of the Trustee's counsel, Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, NY 10018, Attn: Jill Makower, Esq. (the "TKD Offices"), on or before December 22, 2025, the documents, things and information listed in Schedule A to this Order that are in his possession, custody and/or control; and it is further

**ORDERED**, that Dila is hereby directed to produce and deliver to the TKD Offices, on or before January 12, 2026, the documents, things and information listed in Schedule B to this Order that are in her possession, custody and/or control; and it is further

**ORDERED**, that Victor and MWM are hereby directed to produce and deliver to the TKD Offices, on or before December 30, 2025, the documents, things and information listed in Schedule C to this Order that are in his/its possession, custody and/or control; and it is further

**ORDERED**, that the Definitions and Instructions annexed to this Order shall apply and govern the requests for documents, things and information annexed hereto to the extent consistent with this Order; and it is further

**ORDERED,** that the Trustee is authorized to examine each of the Rule 2004 Parties with respect to the documents produced by any of the Rule 2004 Parties pursuant to this Order and in connection with all other matters pertaining to the financial records and affairs of the Rule 2004 Parties and/or the Debtor's bankruptcy estate that fall within the scope of Bankruptcy Rule 2004, and each of the Rule 2004 Parties is directed to appear for such examination by Zoom upon at least 21 days' notice; and it is further

**ORDERED,** that each of the aforesaid directed examinations shall continue from day-to-day until completed; and it is further

**ORDERED,** that the production and examination required hereby are subject to any

2

applicable privilege; provided, that if production of a document required to be produced hereby is withheld on the basis of an asserted privilege, the Rule 2004 Parties shall provide a proper privilege log to the Trustee's counsel at the time of document production hereunder; and it is further

**ORDERED,** that the Rule 2004 Parties shall, prior to conducting an electronic search utilizing search terms, meet and confer with the Trustee's counsel to attempt to agree on appropriate search terms; and it is further

**ORDERED,** that disputes concerning Rule 2004 Subpoenas, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five pages, single spaced. The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers; and it is further

**ORDERED,** that the Trustee shall promptly serve such subpoena(s) and a copy of this Order as required by Bankruptcy Rules 2004 and 9016; and it is further

**ORDERED,** that nothing herein shall limit the rights of any party under applicable law to object or oppose any subpoena the Trustee may serve; and it is further

**ORDERED,** that this Order is without prejudice to the Trustee's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable Bankruptcy Rules; and it is further

**ORDERED,** that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  New York, New York
        December 17, 2025

                    /s/ Philip Bentley
                    Honorable Philip Bentley
                    United States Bankruptcy Judge

For purposes of the documents, things and information to be produced in response to this subpoena, the following definitions and instructions shall apply:

## **DEFINITIONS**

1.      Wherever appropriate in this request, the singular form of any word includes the plural and vice versa.

2.      The terms "all," "any," and "each" shall be construed as encompassing any and all.

3.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside their scope.

4.      "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.      "Concerning" means relating to, referring to, describing, evidencing, or constituting.

6.      "Debtor" means Marko Gojcaj.

7.      "Debtor Entities" means all entities in which the Debtor currently owns an interest of 25% or more, or held an interest of 25% or more at any time in the six years prior to the Petition Date.

8.      "Dila" means Dila Gojcaj.

9.      "Dila Entities" means all entities in which Dila currently owns an interest of 25% or more, or held an interest of 25% or more at any time in the six years prior to the Petition Date.

10.     "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "Documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

11.    "Identify," when referring to a person, shall mean to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

12.    "Identify," when referring to Documents, means to give, to the extent known, the (i) type of document; (ii) its general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the Documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

13.    "Information" shall be expansively construed and include, without limitation, facts, data, opinion, images, impressions, concepts and formulae.

14.    "Insider" has the definition set forth in Section 101(31) of the United States Bankruptcy Code, and includes, without limitation, relatives of the Debtor.

15.    "MWM" means MWM Vicsdale Forever LLC.

16.    "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

17.    "Petition Date" means June 11, 2024, i.e. the date the Debtor filed his Chapter 7 bankruptcy case.

18.    "Relate to" or "relating to" any given subject shall mean any Information or Documents that comprise, constitute, contain, embody, evidence, identify, reflect, state, refer to, deal with, or are in any way pertinent to that subject, including, but not limited to, Documents concerning the preparation of other Documents.

19.    "Request" or "Requests" refers generally to the document requests set forth herein.

20.    "Rule 2004 Application" means the Trustee's *Ex Parte* Application For Entry Of An

Order, Pursuant To Fed. R. Bankr. P. 2004, Directing Production Of Documents And Appearance

At Examinations By (I) The Debtor, (II) Dila Gojcaj, (III) Victor Gojcaj, And (IV) MWM

Vicsdale Forever LLC, dated November 14, 2025, filed by the Trustee in the Debtor's bankruptcy

case.

21.    "Rule 2004 Parties" means, collectively, the Debtor, Dila, Victor and MWM.

22.    "Transfer" has the definition set forth in Section 101(54) of the United States Bankruptcy

Code.

23.    "Thing(s)" means any tangible object encompassed within the most inclusive definition of

this term in any decision from a court in this or any other controlling jurisdiction, including, but

not limited to, any tangible things that constitute or contain matters within the scope of Rule 26(b)

of the Federal Rules of Civil Procedure.

24.    "Victor" means Victor Gojcaj.

25.    "Victor Entities" means all entities in which Victor currently owns an interest of 25% or

more, or held an interest of 25% or more at any time in the six years prior to the Petition Date,

including but not limited to: (a) MWM, (b) E-V Real Estate Holdings LLC, (c) MWM 3G PLLC,

(d) MWM-Bedford PLLC, (e) MWM Crypto PLLC, (f) MWM-AZ, PLLC, (g) MWM-Bronx

PLLC, (h) MWM Dream Builders LLC, (i) Vicsdale Home Designs LLC, (j) MWM-BX LLC, (k)

MWM-BX, PLLC, (l) MWM Crypto PLLC, (m) MWM Dream Builders LLC, (n) MWM Forever

PLLC, (o) MWM Vicsdale LLC, and (p) MWM Vicsdale Magic LLC.

26.    "Withdrawals" means the cash withdrawals listed on **Exhibit 2** to the Rule 2004

Application.

## **INSTRUCTIONS**

1.      You shall produce all Documents, Things, and Information responsive to these requests that are in your possession, custody, or control, including all Documents and Things in the possession, custody, or control of your past or present agents, employees, companies, licensees, representatives, investigators, or attorneys.

2.      Documents and Things shall be produced with sufficient information to identify the files or repositories in which such responsive Documents and Things are maintained in the normal course of business, including, for example, an index, key, code, or other means of ascertaining the source of the produced Documents and Things.

3.      Whenever you are asked to produce Information or a Document that is deemed by you to be properly withheld from production for any reason, you shall provide a privilege log that will include listing such Information or Document by title or subject heading, date, author, person who signed the document, addressee and all recipients, and a statement of the ground(s) asserted for withholding the document, including attorney-client privilege or work product privilege.

4.      If you maintain that any Document or Thing requested by the Trustee has been destroyed, set forth the contents of the Document or Thing, the date of its destruction, and the name of the person who authorized its destruction.

5.      Where an objection is made to a request, state all grounds upon which your objection is based.

6.      The Documents, Things, and Information produced pursuant to this request are to be segregated and identified by the number of the request below to which they are responsive, or are to be produced as they are maintained in the ordinary course of business.

9

7.      Unless otherwise specified, these requests seek Documents, Things and Information prepared during, or related to, the period of time from **January 1, 2019 through the present**, without regard to the date the Documents, Things and Information came into your possession.

8.      All electronic Documents must remain in native format.

## SCHEDULE A

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS BY THE DEBTOR

1. All Documents and Things relating to any Transfers of $5,000 or more made by the Debtor or jointly by the Debtor and Dila, to or for the benefit of (a) Dila or (b) Victor or (c) MWM or (d) any of the Victor Entities or (e) any of Dila Entities or (f) Anton Gojcaj or (g) any of the Debtor Entities, including domestically and internationally, whether by check, wire transfer, cash withdrawal and/or any other means.

2. All books and records of the Debtor including but not limited to, contracts, tax returns, bank statements and fronts and backs of cancelled checks, wire transfer receipts, certified checks, copies of general ledger, cash receipts, disbursement ledgers, accounts receivable summaries, invoices, electronic backup QuickBooks files or any accounting programs used.

3. All books and records of the Debtor Entities including but not limited to, contracts, tax returns, bank statements and fronts and backs of cancelled checks, copies of general ledger, cash receipts, disbursement ledgers, accounts receivable summaries, invoices, electronic backup QuickBooks files or any accounting programs used.

4. All bank statements and financial statements (including but not limited to brokerage accounts and investment accounts) for any and all bank accounts and financial accounts in the name of (a) the Debtor and/or Dila, and (b) any businesses presently or formerly owned in whole or in part by the Debtor and/or Dila.

5. All credit card statements of (a) the Debtor and/or Dila, and (b) any businesses presently or formerly owned in whole or in part by the Debtor and/or Dila.

6.  All Documents relating to any of the Withdrawals, including but not limited to documents reflecting use of any of the withdrawn funds.

7.  All contracts and agreements by and between the Debtor and MWM.

8.  All contracts and agreements by and between any of the Rule 2004 Parties.

9.  All contracts and agreements by and between (a) the Debtor and (b) any one or more of the Victor Entities or any one or more of the Dila Entities.

10. All statements relating to any account of the Debtor with Robinhood Financial, including but not limited to account ending in 0222.

11. All Documents relating to brokerage commissions paid to the Debtor or earned by any business presently or formerly owned in whole or in part by the Debtor and/or Dila.

12. All contracts and agreements by and between the Debtor and any one or more of the Dila Entities.

13. All Deeds and closing documents for all properties purchased by the Debtor and/or Dila and/or Victor and/or any of the Victor Entities and/or any of the Dila Entities.

14. All Documents reflecting any payroll or compensation payments made to the Debtor by any of the Dila Entities or any of the Debtor Entities.

15. All Documents reflecting any loan made by the Debtor and/or any repayment of any loan made by the Debtor.

16. All deeds and closing documents relating to any of (a) 8080 E. Tether Trail, Scottsdale, AZ, or (b) 1760 Woolely Rd., Brandon Township, MI 48371, or (c) 9705 E. Mountain View Road, Scottsdale, AZ.

**SCHEDULE B**

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS BY DILA GOJCAJ**

1. All Documents and Things relating to any Transfer of $5,000 or more made by the Debtor or jointly by the Debtor and Dila, to or for the benefit of (a) Dila or (b) Victor or (c) MWM or (d) any of the Victor Entities or (e) any of the Dila Entities or (f) Anton Gojcaj or (g) any of the Debtor Entities, including domestically and internationally, whether by check, wire transfer, cash withdrawal and/or any other means.

2. All books and records of Dila including but not limited to, contracts, tax returns, bank statements and fronts and backs of cancelled checks, wire transfer receipts, certified checks, copies of general ledger, cash receipts, disbursement ledgers, accounts receivable summaries, invoices, electronic backup QuickBooks files or any accounting programs used.

3. All books and records of the Dila Entities including but not limited to, contracts, tax returns, bank statements and fronts and backs of cancelled checks, copies of general ledger, cash receipts, disbursement ledgers, accounts receivable summaries, invoices, electronic backup QuickBooks files or any accounting programs used.

4. All bank statements and financial statements (including but not limited to brokerage accounts and investment accounts) for any and all bank accounts and financial accounts in the name of (a) the Debtor and/or Dila, and (b) any businesses presently or formerly owned in whole or in part by the Debtor and/or Dila.

5. All credit card statements of (a) the Debtor and/or Dila, and (b) any businesses presently or formerly owned in whole or in part by the Debtor and/or Dila.

6.  All Documents relating to any of the Withdrawals, including but not limited to documents reflecting use of any of the withdrawn funds.

7.  All contracts and agreements by and between Dila and MWM.

8.  All contracts and agreements by and between Dila and any one or more of the Victor Entities.

9.  All contracts and agreements by and between any of the Rule 2004 Parties.

10. All Documents relating to brokerage commissions from sales of Arizona real property earned by Dila or earned by any business presently or formerly owned in whole or in part by Dila.

11. All contracts and agreements by and between the Debtor and any one or more of the Dila Entities.

12. All Deeds and closing documents for all properties purchased by the Debtor and/or Dila and/or Victor and/or any of the Victor Entities and/or any of the Dila Entities and/or any of the Debtor Entities.

13. All Documents reflecting any payroll or compensation payments made to the Debtor by any of the Dila Entities or any of the Debtor Entities.

14. All Documents reflecting any loan made by the Debtor and/or any repayment of any loan made by the Debtor.

15. All deeds and closing documents relating to any of: (a) 8080 E. Tether Trail, Scottsdale, AZ, or (b) 1760 Woolely Rd., Brandon Township, MI 48371, or (c) 9705 E. Mountain View Road, Scottsdale, AZ.

**SCHEDULE C**

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**BY VICTOR GOJCAJ AND MWM VICSDALE FOREVER LLC**

1. All correspondence, agreements and other Documents relating to the $150,000 wire transfer made by the Debtor and/or Dila to MWM on or about December 30, 2019.

2. All books and records of MWM including but not limited to, contracts, tax returns, bank statements and fronts and backs of cancelled checks, copies of general ledger, cash receipts, disbursement ledgers, accounts receivable summaries, invoices, electronic backup QuickBooks files or any accounting programs used.

3. All contracts and agreements by and between any of the Rule 2004 Parties.

4. All contracts and agreements by and between any of the Victor Entities and the Debtor.

5. All contracts and agreements by and between any of the Victor Entities and Dila.

6. All Documents relating to the Withdrawals, including but not limited to documents reflecting use of any of the withdrawn funds.

7. All bank statements, contracts, correspondence and other Documents relating to any Transfer of $5,000 or more to or for the benefit of MWM or any of the Victor Entities, made by: (a) the Debtor and/or Dila, and/or (b) any business presently or formerly owned in whole or in part by the Debtor and/or Dila.

8. All bank statements, contracts, correspondence and other Documents relating to any Transfer to Victor of $5,000 or more, made by: (a) the Debtor and/or Dila, and/or (b) any business presently or formerly owned in whole or in part by the Debtor and/or Dila.

9. All contracts and agreements by and between any of the Victor Entities and any of the Dila Entities.

10. All Deeds and closing documents for all properties purchased by the Debtor and/or Dila and/or Victor and/or any of the Victor Entities and/or any of the Dila Entities.

11. All Documents reflecting any payroll or compensation payments made to the Debtor by any of the Victor Entities.

12. All Documents reflecting any loan made by the Debtor and/or any repayment of any loan made by the Debtor.

13. All deeds and closing documents relating to any of: (a) 8080 E. Tether Trail, Scottsdale, AZ, or (b) 1760 Woolely Rd., Brandon Township, MI 48371, or (c) 9705 E. Mountain View Road, Scottsdale, AZ.