**Hearing Date and Time: March 19, 2026 at 10:00 a.m.**
**Objection Deadline: March 12, 2026 at 5:00 p.m.**

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza*
*Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Deborah J. Piazza, Esq.
Jill Makower, Esq.
dpiazza@tarterkrinsky.com
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                                              :
                                                                    :    Chapter 7
MARKO GOJCAJ,                                                       :
                                                                    :    Case No. 24-11027 (PB)
                                                    *Debtor.*        :
------------------------------------------------------------- x

**NOTICE OF TRUSTEE'S MOTION (I) TO COMPEL COMPLIANCE BY (A) THE DEBTOR, (B) DILA GOJCAJ, (C) VICTOR GOJCAJ, AND (D) MWM VICSDALE FOREVER LLC, WITH BANKRUPTCY RULE 2004 ORDER ENTERED ON DECEMBER 17, 2025 AND TRUSTEE'S SUBPOENAS, AND GRANTING RELATED RELIEF, AND (II) TO EXTEND TRUSTEE'S AND UNITED STATES TRUSTEE'S TIME TO FILE (A) A COMPLAINT OBJECTING TO THE DEBTOR'S DISCHARGE AND (B) A MOTION TO DISMISS THE DEBTOR'S CASE PURSUANT TO 11 U.S.C. § 707(b)**

**PLEASE TAKE NOTICE**, that upon the motion dated February 19, 2026 (the "Motion") of Deborah J. Piazza, Esq., in her capacity as the chapter 7 trustee (the "Trustee") of the estate of Marko Gojcaj (the "Debtor"), the Trustee will move before the Honorable Philip Bentley, United States Bankruptcy Judge, United States Bankruptcy Court, One Bowling Green, New York, New York 10004 on **March 19, 2026 at 10:00 a.m.**, (the "Hearing") for entry of an order (i) compelling compliance, pursuant to section 105(a) of title 11, United States Code (the "Bankruptcy Code"),

Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 45 of the Federal Rules of Civil Procedure, by (a) the Debtor, (b) Dila Gojcaj, (c) Victor Gojcaj, and (d) MWM Vicsdale Forever LLC, with the Court's Bankruptcy Rule 2004 order entered on December 17, 2025, and granting related relief; and (ii) extending, pursuant to Bankruptcy Rules 1017(e)(2) and 4004(b), the Trustee's and the United States Trustee's time within which to file (a) a complaint objecting to the Debtor's discharge, and (b) a motion to dismiss the Debtor's case under Bankruptcy Code section 707(b), for a period up to, and including June 30, 2026.

**PLEASE TAKE FURTHER NOTICE**, that objections to the Motion, if any, shall: (i) be in writing; (ii) conform to the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court; (iii) be filed on or before **March 12, 2026 at 5:00 p.m.** (the "**Objection Deadline**") with the Clerk of the Bankruptcy Court, U.S. Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004; and (iv) be served on or before the Objection Deadline upon: (a) Tarter Krinsky & Drogin, LLP, 1350 Broadway, 11th Floor, New York, New York 10018, Attn: Jill Makower, Esq.; and (b) the Office of the United States Trustee, Southern District of New York, One Bowling Green, Room 534, New York, New York 10004, Attn: Shara Cornell, Esq.

093017\1\180380194.v1

**PLEASE TAKE FURTHER NOTICE** that the Hearing before Bankruptcy Judge Philip Bentley will be held via Zoom.[1] The Hearing may be adjourned, from time to time, by announcement in open Court without any further or other notice thereof.

Dated: New York, New York
      February 19, 2026

Respectfully submitted,

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza, as Chapter 7 Trustee*

By:  /s/ Jill Makower
    Deborah J. Piazza, Esq.
    Jill Makower, Esq.
    1350 Broadway, 11th Floor
    New York, New York 10018
    Telephone:  (212) 216-8000
    dpiazza@tarterkrinsky.com
    jmakower@tarterkrinsky.com

---

[1] Any party who wishes to attend the Hearing is required to register their appearance by 4:00 p.m. one business day before any scheduled Zoom® hearing with the eCourtAppearances tool on the Court's website.  Judge Bentley's Zoom instructions may be viewed at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

093017\1\180380194.v1

**HEARING DATE: MARCH 19, 2026**
**HEARING TIME: 10:00 A.M.**

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza*
*Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Deborah J. Piazza, Esq.
Jill Makower, Esq.
dpiazza@tarterkrinsky.com
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
In re:                                                          :
                                                                :    Chapter 7
MARKO GOJCAJ,                                                    :
                                                                :    Case No. 24-11027 (PB)
                                        *Debtor*.               :
-------------------------------------------------------------- x

**TRUSTEE'S MOTION (I) TO COMPEL COMPLIANCE BY (A) THE DEBTOR, (B) DILA GOJCAJ, (C) VICTOR GOJCAJ, AND (D) MWM VICSDALE FOREVER LLC, WITH BANKRUPTCY RULE 2004 ORDER ENTERED ON DECEMBER 17, 2025 AND TRUSTEE'S SUBPOENAS, AND (II) TO EXTEND TRUSTEE'S AND UNITED STATES TRUSTEE'S TIME TO FILE (A) A COMPLAINT OBJECTING TO THE DEBTOR'S DISCHARGE AND (B) A MOTION TO DISMISS THE CASE PURSUANT TO 11 U.S.C. § 707(b)**

**TO:    THE HONORABLE PHILIP BENTLEY**
**UNITED STATES BANKRUPTCY JUDGE**

Deborah J. Piazza, the Chapter 7 trustee (the "Trustee") of the above-captioned debtor

Marko Gojcaj (the "Debtor"), by and through her counsel, Tarter Krinsky & Drogin LLP,

submits this motion (the "Motion") for entry of an order substantially in the form annexed hereto

as **Exhibit 1** (the "Proposed Order"), (i) compelling compliance, pursuant to section 105(a) of

title 11, United States Code (the "Bankruptcy Code"), Rules 2004 and 9016 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 45 of the Federal Rules of Civil

Procedure, by (a) the Debtor, (b) the Debtor's wife, Dila Gojcaj ("Dila"), (c) the Debtor's and

Dila's son, Victor Gojcaj ("Victor"), and (d) Victor's limited liability company, MWM Vicsdale Forever LLC ("MWM", and, together with the Debtor, Dila, and Victor, the "Rule 2004 Parties") with the Court's Bankruptcy Rule 2004 order entered on December 17, 2025 (the "Rule 2004 Order"), and granting related relief; and (ii) extending, pursuant to Bankruptcy Rules 1017(e)(2) and 4004(b), the Trustee's and the United States Trustee's time within which to file (a) a complaint objecting to the Debtor's discharge, and (b) a motion to dismiss the Debtor's case under Bankruptcy Code section 707(b), for a period up to, and including June 30, 2026.  In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION

1.      This Court has subject matter jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).  Venue of this Chapter 7 case and this Motion in this District is proper under 28 U.S.C. § 1408.  This Motion is brought pursuant to Bankruptcy Code section 105(a), Bankruptcy Rules 1017(e)(2), 2004, 4004(b), and 9016 and Fed. R. Civ. P. 45.

## BACKGROUND

### A.  General

2.      On June 11, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

3.      Shortly thereafter, the Trustee was appointed as Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").  The Trustee became permanent trustee of the Estate by operation of law, and has continued in such capacity.

4.      On June 11, 2024, the Debtor filed his schedules of assets and liabilities (the "Schedules") and Statement of Financial Affairs ("SOFA").

5.      On July 24, 2024, the Debtor filed Amended Schedule A/B.

6.      The Trustee retained Tarter Krinsky & Drogin LLP ("TKD") as her counsel in this case effective as of May 1, 2025 pursuant to order entered on June 24, 2025 [ECF No. 40] and retained Vinay Agarwal, CPA, LLC ("VACPA") as her accountant in this case effective as of April 7, 2025 pursuant to order entered on June 24, 2025 [ECF No. 41].

**B.  The Trustee's Rule 2004 Application And The Court's Rule 2004 Order**

7.      The Trustee believes the Debtor made transfers to and/or for the benefit of himself, Dila, Victor, MWM, and other entities presently or formerly owned in whole or in part by Victor or Dila, which are avoidable as fraudulent transfers and/or preferences.  For example, after the Debtor and Dila closed on their sale of certain Scottsdale Arizona real property on November 27, 2019 and received over $319,000 in sale proceeds ("Sale Proceeds"): (i) the Debtor transferred or caused to be transferred certain of the Sale Proceeds to Dila which Dila used to purchase, on February 12, 2020, real property in Oxford Michigan solely in her name, and (ii) on or about December 30, 2019, $150,000 was transferred from Debtor's and Dila's joint bank account to their son Victor's company, MWM.  Additionally, the Debtor made numerous cash withdrawals (including in the year before the Petition Date), and transferred substantial amounts of those funds to or for the benefit of Dila, Victor and MWM.

8.      The Trustee believes the Debtor became insolvent on or before early 2019.  This is evident from, among other things, the Debtor's substantial obligations on the debts of Corfu 77, Corp. that he personally guaranteed.

9.      On November 14, 2025, the Trustee filed an *ex parte* Bankruptcy Rule application (the "Rule 2004 Application") seeking an order pursuant to Bankruptcy Rule 2004, (a) directing production by the Rule 2004 Parties of certain documents, and (b) authorizing the Trustee to examine of each of the Rule 2004 Parties, and compelling the Rule 2004 Parties' attendance at such examinations, to enable the Trustee to investigate assets of the Debtor's Estate and possible avoidance claims, turnover claims and other claims the estate may have.

10.      "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." In re Recoton Corp., 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) (citing In re Bennett Funding Grp., Inc., 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ).

11.      The Trustee showed good cause for conducting the discovery sought in her Rule 2004 Application, and on December 17, 2025, the Court entered the Rule 2004 Order [ECF No. 55] granting the Rule 2004 Application. (A copy of the Rule 2004 Order is annexed hereto as **Exhibit 2**). The Rule 2004 Order directed the Rule 2004 Parties to produce the documentation specified in the Rule 2004 Order and authorized the Trustee to conduct examinations of the Rule 2004 Parties with respect to all matters within the scope of Bankruptcy Rule 2004.

12.      On December 18, 2025, the Trustee served (together with a copy of the Rule 2004 Application and the Rule 2004 Order): a subpoena upon the Debtor (the "Debtor Subpoena"), a subpoena upon Dila (the "Dila Subpoena"), a subpoena upon Victor (the "Victor Subpoena"), and a subpoena upon MWM (the "MWM Subpoena", and together with the Debtor Subpoena, the Dila Subpoena and the Victor Subpoena, the "Trustee's Subpoenas"). A copy of the Declaration of Service of the foregoing, with copies of the attached Trustee's Subpoenas, is

annexed hereto as **Exhibit 3**.  Copies of the Subpoenas were also served upon Debtor's counsel by mail on December 18, 2025, and by email on January 8, 2026.  The Trustee also advised Debtor's counsel on January 16, 2026 and on January 21, 2026 that she would be moving to compel compliance with the Rule 2004 order.  None of the Rule 2004 Parties responded to the Trustee's Subpoenas.

13.     The Trustee and the Debtor have previously stipulated to certain extensions of the Trustee's and United States Trustee's time within which to file (a) a complaint objecting to the Debtor's discharge, and (b) a motion to dismiss the case under Bankruptcy Code section 707(b). The last stipulation so ordered by the Court extended that deadline through March 16, 2026.

14.     Due to the Rule 2004 Parties' failure to comply with the Rule 2004 Order, cause exists for a further extension of the March 16, 2026 deadline.

## RELIEF REQUESTED

15.     By this Motion, the Trustee seeks the entry of an order, substantially in the form of the Proposed Order, (i) pursuant to Bankruptcy Code section 105(a), Bankruptcy Rules 2004 and 9016 and Fed. R. Civ. P. 45, compelling the Rule 2004 Parties to comply with the Rule 2004 Order and provide responses to the Trustee's Subpoenas and, in the event that the Rule 2004 Parties fail to fully comply with such directive, permitting the Trustee to submit a proposed order to show cause scheduling a hearing at which the Court will consider entry of a further order holding the Rule 2004 Parties in contempt and imposing sanctions as a remedial device intended to achieve full compliance with the Court's order; and (ii) pursuant to Bankruptcy Rules 1017(e)(2) and 4004(b), extending the Trustee's and United States Trustee's time within which to file (a) a complaint objecting to the Debtor's discharge, and (b) a motion to dismiss the case under Bankruptcy Code section 707(b), for a period up to, and including June 30, 2026.

I.    **THE COURT SHOULD COMPEL COMPLIANCE WITH ITS RULE 2004 ORDER AND GRANT RELATED RELIEF**

16.    Bankruptcy Code section 105(a) provides:

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title...

11 U.S.C. §105(a).

17.    This Court has the express authority to compel compliance with its own orders under section 105 of the Bankruptcy Code. *In re River Ctr. Holdings, LLC*, 394 B.R. 704, 711 (Bankr. S.D.N.Y. 2008) ("[S]ection 105(a) plainly may be used to 'enforce and implement' earlier orders."); *see also NWL Holdings, Inc. v. Eden Cir., Inc. (In re Ames Dept. Stores, Inc.)*, 317 B.R. 260, 273-74 (Bankr. S.D.N.Y. 2004) (recognizing that "it is manifestly proper...to invoke section 105(a) 'to enforce or implement'" earlier orders); *U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re McLean Indus.)*, 68 B.R. 690, 695 (Bankr. S.D.N.Y. 1986) ("The duty of any court to hear and resolve legal disputes carries with it the power to enforce the order.").

18.    Pursuant to section 105(a) of the Bankruptcy Code, the Court has the authority to hold a party in contempt, which "inherently include[s] the ability to sanction a party." *In re Dickerson*, 2009 Bankr. LEXIS 3984, at *31 (Bankr. N.D.N.Y. Dec. 8, 2009) (internal quotations omitted) (quoting *Americquest Mortgage Co. v. Nosek (In re Nosek)*, 544 F.3d 34, 43-44 (1st Cir. 2008)).

19.    Further, Bankruptcy Rule 2004 provides a separate and independent basis for compelling compliance with subpoenas and holding noncompliant parties in contempt. Bankruptcy Rule 2004(c) states that the production of documents "may be compelled as provided in Rule 9016." Bankruptcy Rule 9016 provides that Federal Rule of Civil Procedure 45 applies in cases under the Bankruptcy Code.

20.     In turn, Federal Rule of Civil Procedure 45(g) provides that the "court…may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  In determining whether a contempt finding is warranted, courts consider whether "the subpoena was clear and unambiguous, there is a clear and convincing proof of noncompliance, the recipient did not attempt to comply with reasonable diligence, and that the recipient is given the notice and opportunity to be heard."  *In re Parikh*, 397 B.R. 518, 527 (Bankr. E.D.N.Y. 2008) (holding subpoenaed party in contempt for failing to comply with subpoena issued pursuant to Bankruptcy Rule 2004); *see also In re Corso*, 328 B.R. 375, 385 (Bankr. E.D.N.Y. 2005).  The Trustee's Subpoenas were clear and unambiguous, and none of the Rule 2004 Parties responded to the Trustee's Subpoenas despite having been served with same and despite Debtor's counsel having communicated with the Debtor and Victor regarding same.

21.     The failure by the Rule 2004 Parties to comply with or even respond to the Trustee's Subpoenas has and continues to cause prejudice to the Trustee and the Debtor's Estate by impeding the investigation of the Debtor's assets and financial affairs and the Trustee's potential causes of action.  Moreover, efforts to compel the Rule 2004 Parties' compliance, including the filing of this Motion, have caused the Trustee to incur additional costs that must be borne by the Rule 2004 Parties.

22.     Accordingly, it is respectfully requested that the Rule 2004 Parties be compelled, pursuant to Bankruptcy Code section 105(a), Bankruptcy Rules 2004 and 9016 and Fed. R. Civ. P. 45, to provide responses to the Trustee's Subpoenas, and, in the event that any of the Rule 2004 Parties fail to fully comply with such directive, the Trustee requests that the Court permit the Trustee to submit a proposed order to show cause scheduling a hearing during which the

Court will consider entry of a further order holding the noncompliant Rule 2004 Parties in contempt and imposing sanctions as a remedial device intended to achieve full compliance with the Court's order.

## II.  THE TRUSTEE'S AND UNITED STATES TRUSTEE'S DEADLINE TO OBJECT TO DISCHARGE AND TO MOVE TO DISMISS THE CASE UNDER 11 U.S.C. §707(b) SHOULD BE EXTENDED

23.     Bankruptcy Rule 1017, entitled "Dismissing a Case; Suspending Proceedings; Converting a Case to Another Chapter" provides, at sub-section (e)(2), as follows:

> (2) *Time to File a Motion; Content*. Except as §704(b)(2) provides otherwise, a motion to dismiss a case for abuse under §707(b) or (c) must be filed within 60 days after the first date set for the meeting of creditors under §341(a). On request made within the 60-day period, the court may, for cause, extend the time to file...

Fed. R. Bankr. P. 1017(e)(2).

24.     Bankruptcy Rule 4004, entitled "Grant or Denial of Discharge," provides, at sub-section (b)(1), as follows:

> (1) On motion of any party in interest, after notice and a hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4004(b)(1).

25.     Based upon the Rule 2004 Parties' flagrant disregard of the Rule 2004 Order and the Trustee's Subpoenas, it is respectfully submitted that cause exists for the Trustee and the United States Trustee to be afforded additional time to conduct Rule 2004 discovery and fully investigate the Debtor's financial affairs and assets to determine if there is a basis to file an objection to the Debtor's discharge or to move to dismiss the case under §707(b) of the Bankruptcy Code. Thus, it is respectfully requested that the Trustee and the United States Trustee be afforded an additional extension of time to object to the discharge of the Debtor and

to file a motion to dismiss the case under §707(b) of the Bankruptcy Code up to, and including, June 30, 2026, without prejudice to further extensions of time.

## <u>NO PRIOR RELIEF</u>

26.    No prior application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests entry of the Proposed Order, (i) pursuant to Bankruptcy Code section 105(a), Bankruptcy Rules 2004 and 9016, and Fed. R. Civ. P. 45, (a) directing the Debtor to produce all documents in his possession, custody or control that are listed on **Schedule A** annexed to the Rule 2004 Order, (b) directing Dila to produce all documents in her possession, custody or control that are listed on **Schedule B** annexed to the Rule 2004 Order, (c) directing Victor and MWM to produce all documents in his/its possession, custody or control that are listed on **Schedule C** annexed to the Rule 2004 Order, (d) directing the Rule 2004 Parties to fully comply with the Rule 2004 Order by appearing at any Bankruptcy Rule 2004 examinations properly noticed by the Trustee in accordance with the Rule 2004 Order, and (e) providing that in the event that any of the Rule 2004 Parties fail to comply with any of the foregoing, the Trustee is authorized to submit a proposed order to show cause scheduling a hearing for the Court to consider entry of a further order holding the noncompliant Rule 2004 Parties in civil contempt and imposing coercive civil sanctions; and (ii) pursuant to Bankruptcy Rules 1017(e)(2) and 4004(b), extending the Trustee and United States Trustee's time within which to file (a) a complaint objecting to the Debtor's discharge, and (b) a motion

under Bankruptcy Code section 707(b) to dismiss the Debtor's case, for a period up to, and including June 30, 2026.

Dated:   New York, New York
         February 19, 2026

                                         **TARTER KRINSKY & DROGIN LLP**
                                         *Attorneys for Deborah J. Piazza, as Chapter 7*
                                         *Trustee*

                                   By:  /s/ Jill Makower
                                         Deborah J. Piazza, Esq.
                                         Jill Makower, Esq.
                                         1350 Broadway, 11th Floor
                                         New York, New York 10018
                                         Telephone:  (212) 216-8000
                                         dpiazza@tarterkrinsky.com
                                         jmakower@tarterkrinsky.com

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------    x

In re:                                                          :

                                                                :    Chapter 7

MARKO GOJCAJ,                                                   :

                                                                :    Case No. 24-11027 (PB)

                                        *Debtor*.              :

------------------------------------------------------------    x

**ORDER GRANTING TRUSTEE'S MOTION (I) TO COMPEL RESPONSES
TO TRUSTEE'S SUBPOENAS, PURSUANT TO BANKRUPTCY CODE §
105, BANKRUPTCY RULES 2004 AND 9016 AND FED. R. CIV. P. 45, AND
GRANTING RELATED RELIEF, AND (II) EXTENDING TRUSTEE'S
AND UNITED STATES TRUSTEE'S TIME TO FILE (A) COMPLAINT
OBJECTING TO THE DEBTOR'S DISCHARGE AND (B) MOTION TO
DISMISS THE DEBTOR'S CASE PURSUANT TO 11 U.S.C. § 707(b)**

Upon the motion dated February 19, 2026 (the "Motion") of Deborah J. Piazza, as Chapter

7 trustee (the "Trustee") of the above-captioned debtor Marko Gojcaj (the "Debtor") seeking the

entry of an order (i) pursuant to section 105(a) of title 11, United States Code (the "Bankruptcy

Code"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 2004 and 9016, and Federal

Rule of Civil Procedure 45, compelling the Debtor, Dila Gojcaj ("Dila"), Victor Gojcaj ("Victor")

and MWM Vicsdale Forever LLC ("MWM" and, together with the Debtor, Dila and Victor, the

"Rule 2004 Parties") to comply with this Court's Bankruptcy Rule 2004 order entered on

December 17, 2025 (the "Rule 2004 Order") and the Trustee's Subpoenas[1] served upon the Rule

2004 Parties; and (ii) pursuant to Bankruptcy Rules 1017(e)(2) and 4004(b), extending the

Trustee's and the United States Trustee's time within which to file a complaint objecting to the

Debtor's discharge, and to move to dismiss the Debtor's bankruptcy case under Bankruptcy Code

section 707(b) for a period up to and including June 30, 2026, and the Court having found that: (i)

the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is

---

[1] Capitalized terms not defined herein shall have the meanings given in the Motion.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iv) notice of the Motion was sufficient and no additional notice of or a hearing on the Motion is required under the circumstances; and (v) the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY DETERMINED AND ORDERED THAT:

1.      The relief requested in the Motion is granted to the extent set forth herein.

2.      Each of the Rule 2004 Parties has failed to comply with or respond to the Rule 2004 Order and the Trustee's Subpoenas, and the Rule 2004 Parties have failed to articulate a permissible basis for such failures.

3.      The Debtor is directed to fully comply with the Rule 2004 Order and the Debtor Subpoena by no later than seven (7) days from the date that this order is entered on the docket, including by producing to the Trustee all documents listed on Schedule A to the Rule 2004 Order that are in his possession, custody or control.

4.      Dila is directed to fully comply with the Rule 2004 Order and the Dila Subpoena by no later than seven (7) days from the date that this order is entered on the docket, including by producing to the Trustee all documents listed on Schedule B to the Rule 2004 Order that are in her possession, custody or control.

5.      Victor is directed to fully comply with the Rule 2004 Order and the Victor Subpoena by no later than seven (7) days from the date that this order is entered on the docket, including by producing to the Trustee all documents listed in Schedule C to the Rule 2004 Order that are in his possession, custody or control.

2

6.      MWM is directed to fully comply with the Rule 2004 Order and the MWM Subpoena by no later than seven (7) days from the date that this order is entered on the docket, including by producing to the Trustee all documents listed in Schedule C to the Rule 2004 Order that are in its possession, custody or control.

7.      In the event that the Debtor fails to fully comply with the terms of this Order, the Trustee may submit a proposed order to show cause to the Court to schedule a hearing to determine why the Debtor should not be held in contempt and why the Court should not impose sanctions to compel the Debtor's compliance with the Rule 2004 Order, the Debtor Subpoena and this Order.

8.      In the event that Dila fails to fully comply with the terms of this Order, the Trustee may submit a proposed order to show cause to the Court to schedule a hearing to determine why Dila should not be held in contempt and why the Court should not impose sanctions to compel Dila's compliance with the Rule 2004 Order, the Dila Subpoena and this Order.

9.      In the event that Victor fails to fully comply with the terms of this Order, the Trustee may submit a proposed order to show cause to the Court to schedule a hearing to determine why Victor should not be held in contempt and why the Court should not impose sanctions to compel Victor's compliance with the Rule 2004 Order, the Victor Subpoena, and this Order.

10.     In the event that MWM fails to fully comply with the terms of this Order, the Trustee may submit a proposed order to show cause to the Court to schedule a hearing to determine why MWM should not be held in contempt and why the Court should not impose sanctions to compel MWM's compliance with the Rule 2004 Order, the MWM Subpoena, and this Order.

3

11.     Entry of this Order is without prejudice to the Trustee's rights to seek other or different documents from the Rule 2004 Parties or from any other person.

12.     The Trustee's and United States Trustee's time within which to file a complaint pursuant to Bankruptcy Code section 727 objecting to the Debtor's discharge is hereby extended to and including June 30, 2026, without prejudice to any further extensions of time that the Trustee or the United States Trustee may seek.

13.     The Trustee's and United States Trustee's time within which to file a motion to dismiss the Debtor's case pursuant to Bankruptcy Code section 707(b) is hereby extended to and including June 30, 2026, without prejudice to any further extensions of time that the Trustee or United States Trustee may seek.

14.     The Trustee shall serve a copy of this Order upon the Rule 2004 Parties by first-class mail and overnight mail within two (2) business days after the date this Order is entered on the docket; provided, however, that if any of the Rule 2004 Parties are represented by counsel in this matter, the Trustee may serve any such represented Rule 2004 Party by serving this Order by email to such counsel within two (2) business days after the date this Order is entered on the docket.

15.     This Court retains exclusive jurisdiction regarding the implementation and interpretation of this Order.

Dated: New York, New York
        _____, 2026

                                    _____
                                    **THE HONORABLE PHILIP BENTLEY**
                                    **UNITED STATES BANKRUPTCY JUDGE**

4

**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

|  | ) |  |
|---|---|---|
| In re: | ) | Case No. 24-11027 (PB) |
|  | ) |  |
| Marko Gojcaj | ) | Chapter 7 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

-------------------------------------------------------------------

### ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING EXAMINATION OF (I) THE DEBTOR, (II) DILA GOJCAJ, (III) VICTOR GOJCAJ, AND (IV) MWM VICSDALE FOREVER LLC AND PRODUCTION OF DOCUMENTS

Upon the *ex parte* application, dated November 14, 2025 (the "Application"), of Deborah J. Piazza, as the Chapter 7 trustee (the "Trustee") of the debtor Marko Gojcaj (the "Debtor") in the above-captioned Chapter 7 case, for an order pursuant to Fed. R. Bankr. P. 2004 (a) directing the production of documents and things by: (i) the Debtor, (ii) the Debtor's wife, Dila Gojcaj ("Dila"), (iii) Victor Gojcaj ("Victor"), and (iv) MWM Vicsdale Forever LLC ("MWM", and, together with the Debtor, Dila, and Victor, the "Rule 2004 Parties"), and (b) authorizing the Trustee to conduct an examination of each of the Rule 2004 Parties and, after due deliberation, the Court having concluded that the Trustee has established sufficient cause for the relief granted herein; and no additional notice being required except as specified herein; now, therefore, it is hereby

**ORDERED,** that the Trustee is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue subpoenas for the production of documents and attendance for the foregoing examination consistent with this Order (each, a "Rule 2004 Subpoena"); and it is further

**ORDERED,** that the Debtor is hereby directed to produce and deliver to the offices of

the Trustee's counsel, Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York,

NY 10018, Attn: Jill Makower, Esq. (the "TKD Offices"), on or before December 22, 2025, the

documents, things and information listed in Schedule A to this Order that are in his possession,

custody and/or control; and it is further

**ORDERED,** that Dila is hereby directed to produce and deliver to the TKD Offices, on

or before January 12, 2026, the documents, things and information listed in Schedule B to this

Order that are in her possession, custody and/or control; and it is further

**ORDERED,** that Victor and MWM are hereby directed to produce and deliver to the

TKD Offices, on or before December 30, 2025, the documents, things and information listed in

Schedule C to this Order that are in his/its possession, custody and/or control; and it is further

**ORDERED,** that the Definitions and Instructions annexed to this Order shall apply and

govern the requests for documents, things and information annexed hereto to the extent

consistent with this Order; and it is further

**ORDERED,** that the Trustee is authorized to examine each of the Rule 2004 Parties

with respect to the documents produced by any of the Rule 2004 Parties pursuant to this Order

and in connection with all other matters pertaining to the financial records and affairs of the

Rule 2004 Parties and/or the Debtor's bankruptcy estate that fall within the scope of Bankruptcy

Rule 2004, and each of the Rule 2004 Parties is directed to appear for such examination by

Zoom upon at least 21 days' notice; and it is further

**ORDERED,** that each of the aforesaid directed examinations shall continue from day-

to-day until completed; and it is further

**ORDERED,** that the production and examination required hereby are subject to any

2

applicable privilege; provided, that if production of a document required to be produced hereby is withheld on the basis of an asserted privilege, the Rule 2004 Parties shall provide a proper privilege log to the Trustee's counsel at the time of document production hereunder; and it is further

**ORDERED,** that the Rule 2004 Parties shall, prior to conducting an electronic search utilizing search terms, meet and confer with the Trustee's counsel to attempt to agree on appropriate search terms; and it is further

**ORDERED,** that disputes concerning Rule 2004 Subpoenas, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five pages, single spaced. The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers; and it is further

**ORDERED,** that the Trustee shall promptly serve such subpoena(s) and a copy of this Order as required by Bankruptcy Rules 2004 and 9016; and it is further

**ORDERED,** that nothing herein shall limit the rights of any party under applicable law to object or oppose any subpoena the Trustee may serve; and it is further

**ORDERED,** that this Order is without prejudice to the Trustee's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable Bankruptcy Rules; and it is further

**ORDERED,** that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  New York, New York
            December 17, 2025

                                        /s/ Philip Bentley
                                        _____
                                        Honorable Philip Bentley
                                        United States Bankruptcy Judge

For purposes of the documents, things and information to be produced in response to this subpoena, the following definitions and instructions shall apply:

### **DEFINITIONS**

1.      Wherever appropriate in this request, the singular form of any word includes the plural and vice versa.

2.      The terms "all," "any," and "each" shall be construed as encompassing any and all.

3.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside their scope.

4.      "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.      "Concerning" means relating to, referring to, describing, evidencing, or constituting.

6.      "Debtor" means Marko Gojcaj.

7.      "Debtor Entities" means all entities in which the Debtor currently owns an interest of 25% or more, or held an interest of 25% or more at any time in the six years prior to the Petition Date.

8.      "Dila" means Dila Gojcaj.

9.      "Dila Entities" means all entities in which Dila currently owns an interest of 25% or more, or held an interest of 25% or more at any time in the six years prior to the Petition Date.

10.     "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "Documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

5

11.     "Identify," when referring to a person, shall mean to give, to the extent known, the
person's full name, present or last known address, and, when referring to a natural person,
additionally, the present or last known place of employment. Once a person has been identified in
accordance with this subparagraph, only the name of that person need be listed in response to
subsequent discovery requesting the identification of that person.

12.     "Identify," when referring to Documents, means to give, to the extent known, the (i) type
of document; (ii) its general subject matter; (iii) date of the document; and (iv) author(s),
addressee(s) and recipient(s). In the alternative, the responding party may produce the Documents,
together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

13.     "Information" shall be expansively construed and include, without limitation, facts, data,
opinion, images, impressions, concepts and formulae.

14.      "Insider" has the definition set forth in Section 101(31) of the United States Bankruptcy
Code, and includes, without limitation, relatives of the Debtor.

15.     "MWM" means MWM Vicsdale Forever LLC.

16.     "Person" means any natural person or any legal entity, including, without limitation, any
business or governmental entity or association.

17.     "Petition Date" means June 11, 2024, i.e. the date the Debtor filed his Chapter 7
bankruptcy case.

18.     "Relate to" or "relating to" any given subject shall mean any Information or Documents
that comprise, constitute, contain, embody, evidence, identify, reflect, state, refer to, deal with, or
are in any way pertinent to that subject, including, but not limited to, Documents concerning the
preparation of other Documents.

6

19.     "Request" or "Requests" refers generally to the document requests set forth herein.

20.     "Rule 2004 Application" means the Trustee's *Ex Parte* Application For Entry Of An

Order, Pursuant To Fed. R. Bankr. P. 2004, Directing Production Of Documents And Appearance

At Examinations By (I) The Debtor, (II) Dila Gojcaj, (III) Victor Gojcaj, And (IV) MWM

Vicsdale Forever LLC, dated November 14, 2025, filed by the Trustee in the Debtor's bankruptcy

case.

21.     "Rule 2004 Parties" means, collectively, the Debtor, Dila, Victor and MWM.

22.     "Transfer" has the definition set forth in Section 101(54) of the United States Bankruptcy

Code.

23.     "Thing(s)" means any tangible object encompassed within the most inclusive definition of

this term in any decision from a court in this or any other controlling jurisdiction, including, but

not limited to, any tangible things that constitute or contain matters within the scope of Rule 26(b)

of the Federal Rules of Civil Procedure.

24.     "Victor" means Victor Gojcaj.

25.     "Victor Entities" means all entities in which Victor currently owns an interest of 25% or

more, or held an interest of 25% or more at any time in the six years prior to the Petition Date,

including but not limited to: (a) MWM, (b) E-V Real Estate Holdings LLC, (c) MWM 3G PLLC,

(d) MWM-Bedford PLLC, (e) MWM Crypto PLLC, (f) MWM-AZ, PLLC, (g) MWM-Bronx

PLLC, (h) MWM Dream Builders LLC, (i) Vicsdale Home Designs LLC, (j) MWM-BX LLC, (k)

MWM-BX, PLLC, (l) MWM Crypto PLLC, (m) MWM Dream Builders LLC, (n) MWM Forever

PLLC, (o) MWM Vicsdale LLC, and (p) MWM Vicsdale Magic LLC.

26.     "Withdrawals" means the cash withdrawals listed on **Exhibit 2** to the Rule 2004

Application.

## **INSTRUCTIONS**

1.      You shall produce all Documents, Things, and Information responsive to these requests that are in your possession, custody, or control, including all Documents and Things in the possession, custody, or control of your past or present agents, employees, companies, licensees, representatives, investigators, or attorneys.

2.      Documents and Things shall be produced with sufficient information to identify the files or repositories in which such responsive Documents and Things are maintained in the normal course of business, including, for example, an index, key, code, or other means of ascertaining the source of the produced Documents and Things.

3.      Whenever you are asked to produce Information or a Document that is deemed by you to be properly withheld from production for any reason, you shall provide a privilege log that will include listing such Information or Document by title or subject heading, date, author, person who signed the document, addressee and all recipients, and a statement of the ground(s) asserted for withholding the document, including attorney-client privilege or work product privilege.

4.      If you maintain that any Document or Thing requested by the Trustee has been destroyed, set forth the contents of the Document or Thing, the date of its destruction, and the name of the person who authorized its destruction.

5.      Where an objection is made to a request, state all grounds upon which your objection is based.

6.      The Documents, Things, and Information produced pursuant to this request are to be segregated and identified by the number of the request below to which they are responsive, or are to be produced as they are maintained in the ordinary course of business.

9

7.      Unless otherwise specified, these requests seek Documents, Things and Information

prepared during, or related to, the period of time from **January 1, 2019 through the present**,

without regard to the date the Documents, Things and Information came into your possession.

8.      All electronic Documents must remain in native format.

**SCHEDULE A**

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS BY THE DEBTOR**

1.  All Documents and Things relating to any Transfers of $5,000 or more made by the Debtor or jointly by the Debtor and Dila, to or for the benefit of (a) Dila or (b) Victor or (c) MWM or (d) any of the Victor Entities or (e) any of Dila Entities or (f) Anton Gojcaj or (g) any of the Debtor Entities, including domestically and internationally, whether by check, wire transfer, cash withdrawal and/or any other means.

2.  All books and records of the Debtor including but not limited to, contracts, tax returns, bank statements and fronts and backs of cancelled checks, wire transfer receipts, certified checks, copies of general ledger, cash receipts, disbursement ledgers, accounts receivable summaries, invoices, electronic backup QuickBooks files or any accounting programs used.

3.  All books and records of the Debtor Entities including but not limited to, contracts, tax returns, bank statements and fronts and backs of cancelled checks, copies of general ledger, cash receipts, disbursement ledgers, accounts receivable summaries, invoices, electronic backup QuickBooks files or any accounting programs used.

4.  All bank statements and financial statements (including but not limited to brokerage accounts and investment accounts) for any and all bank accounts and financial accounts in the name of (a) the Debtor and/or Dila, and (b) any businesses presently or formerly owned in whole or in part by the Debtor and/or Dila.

5.  All credit card statements of (a) the Debtor and/or Dila, and (b) any businesses presently or formerly owned in whole or in part by the Debtor and/or Dila.

11

6. All Documents relating to any of the Withdrawals, including but not limited to documents reflecting use of any of the withdrawn funds.

7. All contracts and agreements by and between the Debtor and MWM.

8. All contracts and agreements by and between any of the Rule 2004 Parties.

9. All contracts and agreements by and between (a) the Debtor and (b) any one or more of the Victor Entities or any one or more of the Dila Entities.

10. All statements relating to any account of the Debtor with Robinhood Financial, including but not limited to account ending in 0222.

11. All Documents relating to brokerage commissions paid to the Debtor or earned by any business presently or formerly owned in whole or in part by the Debtor and/or Dila.

12. All contracts and agreements by and between the Debtor and any one or more of the Dila Entities.

13. All Deeds and closing documents for all properties purchased by the Debtor and/or Dila and/or Victor and/or any of the Victor Entities and/or any of the Dila Entities.

14. All Documents reflecting any payroll or compensation payments made to the Debtor by any of the Dila Entities or any of the Debtor Entities.

15. All Documents reflecting any loan made by the Debtor and/or any repayment of any loan made by the Debtor.

16. All deeds and closing documents relating to any of (a) 8080 E. Tether Trail, Scottsdale, AZ, or (b) 1760 Woolely Rd., Brandon Township, MI 48371, or (c) 9705 E. Mountain View Road, Scottsdale, AZ.

12

**SCHEDULE B**

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS BY DILA GOJCAJ**

1. All Documents and Things relating to any Transfer of $5,000 or more made by the Debtor or jointly by the Debtor and Dila, to or for the benefit of (a) Dila or (b) Victor or (c) MWM or (d) any of the Victor Entities or (e) any of the Dila Entities or (f) Anton Gojcaj or (g) any of the Debtor Entities, including domestically and internationally, whether by check, wire transfer, cash withdrawal and/or any other means.

2. All books and records of Dila including but not limited to, contracts, tax returns, bank statements and fronts and backs of cancelled checks, wire transfer receipts, certified checks, copies of general ledger, cash receipts, disbursement ledgers, accounts receivable summaries, invoices, electronic backup QuickBooks files or any accounting programs used.

3. All books and records of the Dila Entities including but not limited to, contracts, tax returns, bank statements and fronts and backs of cancelled checks, copies of general ledger, cash receipts, disbursement ledgers, accounts receivable summaries, invoices, electronic backup QuickBooks files or any accounting programs used.

4. All bank statements and financial statements (including but not limited to brokerage accounts and investment accounts) for any and all bank accounts and financial accounts in the name of (a) the Debtor and/or Dila, and (b) any businesses presently or formerly owned in whole or in part by the Debtor and/or Dila.

5. All credit card statements of (a) the Debtor and/or Dila, and (b) any businesses presently or formerly owned in whole or in part by the Debtor and/or Dila.

6. All Documents relating to any of the Withdrawals, including but not limited to documents reflecting use of any of the withdrawn funds.

7. All contracts and agreements by and between Dila and MWM.

8. All contracts and agreements by and between Dila and any one or more of the Victor Entities.

9. All contracts and agreements by and between any of the Rule 2004 Parties.

10. All Documents relating to brokerage commissions from sales of Arizona real property earned by Dila or earned by any business presently or formerly owned in whole or in part by Dila.

11. All contracts and agreements by and between the Debtor and any one or more of the Dila Entities.

12. All Deeds and closing documents for all properties purchased by the Debtor and/or Dila and/or Victor and/or any of the Victor Entities and/or any of the Dila Entities and/or any of the Debtor Entities.

13. All Documents reflecting any payroll or compensation payments made to the Debtor by any of the Dila Entities or any of the Debtor Entities.

14. All Documents reflecting any loan made by the Debtor and/or any repayment of any loan made by the Debtor.

15. All deeds and closing documents relating to any of: (a) 8080 E. Tether Trail, Scottsdale, AZ, or (b) 1760 Woolely Rd., Brandon Township, MI 48371, or (c) 9705 E. Mountain View Road, Scottsdale, AZ.

14

**SCHEDULE C**

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**BY VICTOR GOJCAJ AND MWM VICSDALE FOREVER LLC**

1. All correspondence, agreements and other Documents relating to the $150,000 wire transfer made by the Debtor and/or Dila to MWM on or about December 30, 2019.

2. All books and records of MWM including but not limited to, contracts, tax returns, bank statements and fronts and backs of cancelled checks, copies of general ledger, cash receipts, disbursement ledgers, accounts receivable summaries, invoices, electronic backup QuickBooks files or any accounting programs used.

3. All contracts and agreements by and between any of the Rule 2004 Parties.

4. All contracts and agreements by and between any of the Victor Entities and the Debtor.

5. All contracts and agreements by and between any of the Victor Entities and Dila.

6. All Documents relating to the Withdrawals, including but not limited to documents reflecting use of any of the withdrawn funds.

7. All bank statements, contracts, correspondence and other Documents relating to any Transfer of $5,000 or more to or for the benefit of MWM or any of the Victor Entities, made by: (a) the Debtor and/or Dila, and/or (b) any business presently or formerly owned in whole or in part by the Debtor and/or Dila.

8. All bank statements, contracts, correspondence and other Documents relating to any Transfer to Victor of $5,000 or more, made by: (a) the Debtor and/or Dila, and/or (b) any business presently or formerly owned in whole or in part by the Debtor and/or Dila.

15

9.  All contracts and agreements by and between any of the Victor Entities and any of the Dila Entities.

10. All Deeds and closing documents for all properties purchased by the Debtor and/or Dila and/or Victor and/or any of the Victor Entities and/or any of the Dila Entities.

11. All Documents reflecting any payroll or compensation payments made to the Debtor by any of the Victor Entities.

12. All Documents reflecting any loan made by the Debtor and/or any repayment of any loan made by the Debtor.

13. All deeds and closing documents relating to any of: (a) 8080 E. Tether Trail, Scottsdale, AZ, or (b) 1760 Woolely Rd., Brandon Township, MI 48371, or (c) 9705 E. Mountain View Road, Scottsdale, AZ.

16

**EXHIBIT 3**

**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza as Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Deborah J. Piazza, Esq.
Jill Makower, Esq.
dpiazza@tarterkrinsky.com
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
In re:                                           :        Chapter 7
                                                 :
MARKO GOJCAJ,                                    :        Case No.: 24-11027 (PB)
                                                 :
                            Debtor.              :
-------------------------------------------------------------- x

<u>**DECLARATION OF SERVICE**</u>

Pursuant to the provisions 28 U.S.C. §1746, Sheree Nobles, declares under the penalty of perjury, the following to be true and correct:

I am not a party to this proceeding, I am over 18 years of age, and I reside in the County of Fairfield, State of Connecticut.

On December 18, 2025, I served a true copy of the following:

1. *Order Pursuant Rule 2004 of the Federal Rules of Bankruptcy Procedure Authorizing Examination of (I) The Debtor, (II) Dila Gojcaj, (III) Victor Gojcaj, And (IV) MWM Vicsdale Forever LLC and Production of Documents* [ECF No. 55];

2. *Trustee's Ex Parte Application For Entry Of An Order, Pursuant To Fed. R. Bankr. P. 2004, Directing Production Of Documents And Appearance At Examinations By (I) The Debtor, (II) Dila Gojcaj, (III) Victor Gojcaj, And (IV) MWM Vicsdale Forever LLC* [ECF No. 50];

3. *Subpoena to Testify At A Deposition In A Bankruptcy Case (or Adversary Proceeding)* to the Debtor;

4. *Subpoena to Testify At A Deposition In A Bankruptcy Case (or Adversary Proceeding)* to the Dila Gojcaj;

5. *Subpoena To Produce Documents, Information, or Objects or To Permit Inspection of Premises In A Bankruptcy Case (or Adversary Proceeding)* to Victor Gojcaj;

6. *Subpoena To Produce Documents, Information, or Objects or To Permit Inspection of Premises In A Bankruptcy Case (or Adversary Proceeding)* to MWM Vicsdale Forever LLC,

via first-class mail by mailing same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York to the last known mailing address of the parties on the annexed service list below:

MARKO GOJCAJ
1504 KENNELLWORTH PLACE, APT. 1
BRONX, NY 10465

PETER T. NGUYEN, ESQ.
PARK & NGUYEN
1809 PAULDING AVENUE, 2ND FL
BRONX, NY 10462

DILA GOJCAJ
1504 KENNELLWORTH PLACE, APT. 1
BRONX, NY 10465

VICTOR GOJCAJ
7349 VIA PASEO DEL SUR
SUITE 515-414
SCOTTSDALE, AZ 85258

MWM VICSDALE FOREVER LLC
7349 VIA PASEO DEL SUR
SUITE 515-414
SCOTTSDALE, AZ 85258
ATTN: VICTOR GOJCAJ

Dated: Stratford, Connecticut
     December 19, 2025

                         /s/ Sheree Nobles
                         Sheree Nobles

093017\1\180304471.v1

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of _____ New York _____

In re  Marko Gojcaj_____

_____Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  24-11027 (PB)_____

Chapter  7_____

_____

_____Plaintiff

v.

_____

_____Defendant

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Marko Gojcaj_____

*(Name of person to whom the subpoena is directed)*

[X]  *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE   By Zoom | DATE AND TIME   February 4, 2026 at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method:

By stenographic means.

[X]  *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Order.  Deadline for production of documents listed on Schedule A is December 30, 2025.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  December 18, 2025

CLERK OF COURT

OR

_____                    /s/ Jill Makower_____
*Signature of Clerk or Deputy Clerk*              ***Attorney's signature***

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Deborah J. Piazza, as Chapter 7 Trustee
, who issues or requests this subpoena, are:  Jill Makower, Esq., Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Fl, NY, NY 10018; (212) 216-8000; jmakower@tarterkrinsky.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:
on *(date)*                         .

☐ I served the subpoena by delivering a copy to the named person as follows:

on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $              for travel and $              for services, for a total of $              .

I declare under penalty of perjury that this information is true and correct.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of _____ New York _____

In re  Marko Gojcaj _____
                    Debtor

*(Complete if issued in an adversary proceeding)*

_____
                    Plaintiff

v.

_____
                    Defendant

Case No.   24-11027 (PB) _____

Chapter ___ 7 _____

Adv. Proc. No.  _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Dila Gojcaj _____

*(Name of person to whom the subpoena is directed)*

[X]  *Testimony*:  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE   By Zoom | DATE AND TIME<br>February 4, 2026 at 1:30 p.m. |
|---|---|

The deposition will be recorded by this method:

 By stenographic means.

[X]  *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

 See attached Order.  Deadline for production of documents listed on Schedule B is December 30, 2025.

       The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  December 18, 2025

                    CLERK OF COURT

                              OR

_____              /s/ Jill Makower _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Deborah J. Piazza, as Chapter 7 Trustee      , who issues or requests this subpoena, are:  Jill Makower, Esq., Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Fl, NY, NY 10018; (212) 216-8000; jmakower@tarterkrinsky.com

#### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:
on *(date)*                              .

☐ I served the subpoena by delivering a copy to the named person as follows:

on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because:  _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $                      _____ .

My fees are $                for travel and $                for services, for a total of $                  .

I declare under penalty of perjury that this information is true and correct.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ **Southern** _____ District of _____ **New York** _____

In re **Marko Gojcaj**
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. _____ **24-11027 (PB)** _____

Chapter _____ **7** _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Victor Gojcaj**_____

*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attached Order.**

| PLACE | DATE AND TIME |
|---|---|
| **Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Fl., New York, NY 10018** | **12/30/25** |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   **12/18/25**

CLERK OF COURT

OR

_____           s/ Jill Makower
_____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
**Deborah Piazza, Chpt. 7 Trustee**_____ , who issues or requests this subpoena, are:
**Jill Makower, Esq., Tarter Krinsky & Drogin LLP, jmakower@tarterkrinsky.com; (212)216-8000**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:
on *(date)*                  .

☑ I served the subpoena by delivering a copy to the named person as follows:


on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $            _____ .

 My fees are $            for travel and $            for services, for a total of $            .


        I declare under penalty of perjury that this information is true and correct.

Date:


                                    *Server's signature*


                                    *Printed name and title*



                                    *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ **Southern** _____ District of _____ **New York** _____

In re **Marko Gojcaj** _____
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____ **24-11027 (PB)** _____

Chapter _____ **7** _____

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **MWM Vicsdale Forever LLC** _____

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attached Order.**

| PLACE | DATE AND TIME |
|---|---|
| **Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Fl., New York, NY 10018** | **12/30/25** |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ **12/18/25** _____

CLERK OF COURT

OR

_____                **s/ Jill Makower**
*Signature of Clerk or Deputy Clerk*            _____
                                                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
**Deborah Piazza, Chpt. 7 Trustee** ____, who issues or requests this subpoena, are:
**Jill Makower, Esq., Tarter Krinsky & Drogin LLP, jmakower@tarterkrinsky.com; (212)216-8000**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:
on *(date)*                    .

☑ I served the subpoena by delivering a copy to the named person as follows:


on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because:  _____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $                    _____ .

  My fees are $              for travel and $              for services, for a total of $                    .


        I declare under penalty of perjury that this information is true and correct.

Date:

                                                    *Server's signature*


                                                    *Printed name and title*



                                                    *Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)